UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MUCKROCK, LLC<br>411A Highland Avenue<br>Somerville, MA  02144,<br><br>    Plaintiff,<br><br>  v.<br><br>CENTRAL INTELLIGENCE AGENCY<br>Washington, DC  20505,<br><br>    Defendant. | * * * * * * * * * * * * * | Civil Action No. 1:20-cv-02474 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff MuckRock, LLC brings this action against Defendant Central Intelligence Agency pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff MuckRock, LLC ("MuckRock") is limited liability corporation incorporated in the Commonwealth of Massachusetts.  Through its imprint MuckRock News, MuckRock gathers information of potential public interest, uses its editorial skills to turn the raw

materials into a distinct work, and distributes that work free of charge to its audience. Accordingly, MuckRock is a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A).

4. Defendant Central Intelligence Agency ("CIA") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Plaintiff which are the subject of this action.

## BACKGROUND

5. CIA promulgates a variety of regulatory issuances in addition to its public regulations.

6. These regulatory issuances are generally described in Agency Regulation ("AR") 1-3.

7. These regulatory issuances are maintained in a single regulatory database, which is maintained by the Classification Management and Collaboration Group ("CMCG").

8. CIA also maintains a system identified as regulations.cia, which contains many regulatory issuances. Its relationship to the regulatory database is unclear.

9. In 2013, MuckRock filed FOIA Request No. F-2014-00371 ("1st Database Request") for "all CIA regulatory issuances in the internal Agency-wide regulatory database in the" CMCG in an effort to obtain and make publicly available this immense collection of secret law.

10. This FOIA request was the subject of the related case *MuckRock, LLC v. CIA*, No. 14-997 (D.D.C.).

11. CIA conducted a search for records responsive to the 1st Database request in July 2016.

12.CIA released records responsive to the 1st Database Request between July 2018 and March 2019.

13.In July 2020, MuckRock agreed to voluntarily dismiss *MuckRock v. CIA*, stating, "MuckRock has filed new [FOIA] requests for CIA's current regulations, since the newest regulations at issue in [the 1st Database Request] are more than four years old and there have been numerous changes to the law since then. Given that litigation will likely be necessary for these new requests, it would be wasteful for the parties to continue to fight over how CIA processed a request four years ago for records which may not even be current today, only to have to do it all over again."

14.This complaint covers MuckRock's new FOIA requests.

## FIRST CAUSE OF ACTION

## (CONSTRUCTIVE RECORDS DENIAL – F-2020-01802)

15.MuckRock repeats and realleges the allegations contained in all paragraphs set forth above.

16.On 14 July 2020, MuckRock submitted to CIA a FOIA request for "[a]ll Regulatory Issuances as that term is defined in AR 1-3." MuckRock added, "You may exclude any records which were released in full in response to Req. No. F-2014-00371 and remain in effect unchanged."

17.In this request, MuckRock explained that it was a representative of the news media and requested that all responsive records be released in electronic form.

18.On 17 July 2020, CIA acknowledged receipt of this request and assigned it Request No. F-2020-01802. It did not issue a determination regarding MuckRock's request to be classified as a representative of the news media.

19. As of this writing CIA has not issued a final determination for this request.

20. As twenty working days have elapsed without a substantive determination by CIA, MuckRock has exhausted all required administrative remedies.

21. MuckRock has a legal right under FOIA to obtain the information it seeks in the electronic form it requested and to be classified as a representative of the news media, and there is no legal basis for the denial by CIA of said rights.

## SECOND CAUSE OF ACTION

## (CONSTRUCTIVE RECORDS DENIAL – UNKNOWN NO. 1)

22. MuckRock repeats and realleges the allegations contained in all paragraphs set forth above.

23. On 6 August 2020, MuckRock submitted to CIA a FOIA request for "[a]ll information in regulations.cia."

24. In this request, MuckRock explained that it was a representative of the news media and requested that all responsive records be released in electronic form.

25. As of this writing CIA has not issued a final determination for this request.

26. As twenty working days have elapsed without a substantive determination by CIA, MuckRock has exhausted all required administrative remedies.

27. MuckRock has a legal right under FOIA to obtain the information it seeks in the electronic form it requested and to be classified as a representative of the news media, and there is no legal basis for the denial by CIA of said rights.

## THIRD CAUSE OF ACTION

## (CONSTRUCTIVE RECORDS DENIAL – F-2020-01799)

28. MuckRock repeats and realleges the allegations contained in all paragraphs set forth above.

29. AR 1-3 defines the Agency Regulatory and Governance System ("ARGO") as "[t]he current or any successor system, operated by a process steward designated by the Executive Director of the CIA (EXDIR), for the formal coordination and publication of regulatory issuances as defined by this regulation. All ARs, AGs, and ASTs must be initiated, drafted, and coordinated with appropriate CIA components using ARGO. These requirements also apply to all revisions and rescissions of regulatory issuances."

30. AR 1-3 further adds, "Sponsors or their designee(s) shall[] . . . [c]oordinate proposed regulatory issuances, revisions, and rescissions in accordance with this regulation and ARGO's procedures."

31. On 14 July 2020, MuckRock submitted to CIA a FOIA request for "'ARGO's procedures' as that term is used in AR 1-3, Sec. III(C)(5)."

32. In this request, MuckRock explained that it was a representative of the news media and requested that all responsive records be released in electronic form.

33. On 17 July 2020, CIA acknowledged receipt of this request and assigned it Request No. F-2020-01799. It did not issue a determination regarding MuckRock's request to be classified as a representative of the news media.

34. As of this writing CIA has not issued a final determination for this request.

35. As twenty working days have elapsed without a substantive determination by CIA, MuckRock has exhausted all required administrative remedies.

36. MuckRock has a legal right under FOIA to obtain the information it seeks in the electronic form it requested and to be classified as a representative of the news media, and there is no legal basis for the denial by CIA of said rights.

## FOURTH CAUSE OF ACTION

## (CONSTRUCTIVE RECORDS DENIAL – F-2020-01800)

37. MuckRock repeats and realleges the allegations contained in all paragraphs set forth above.

38. AR 1-3 states, "Sponsors or their designee(s) shall[] . . . [d]evelop procedures to ensure effective implementation of regulatory issuances as necessary."

39. On 14 July 2020, MuckRock submitted to CIA a FOIA request for "[a]ll 'procedures to ensure effective implementation of regulatory issuances' pursuant to AR 1-3, Sec. III(C)(7) which were developed after 1/1/2014."

40. In this request, MuckRock explained that it was a representative of the news media and requested that all responsive records be released in electronic form.

41. On 17 July 2020, CIA acknowledged receipt of this request and assigned it Request No. F-2020-01800. It did not issue a determination regarding MuckRock's request to be classified as a representative of the news media.

42. As of this writing CIA has not issued a final determination for this request.

43. As twenty working days have elapsed without a substantive determination by CIA, MuckRock has exhausted all required administrative remedies.

44. MuckRock has a legal right under FOIA to obtain the information it seeks in the electronic form it requested and to be classified as a representative of the news media, and there is no legal basis for the denial by CIA of said rights.

## **FIFTH CAUSE OF ACTION**

## **(CONSTRUCTIVE RECORDS DENIAL – F-2020-01998)**

45. MuckRock repeats and realleges the allegations contained in all paragraphs set forth above.

46. CIA previously released two documents identified as Documents C05584446 and C05584449, which are identified as "Procedures."

47. On 6 August 2020, MuckRock submitted to CIA the following FOIA request: "CADRE documents C05584446 and C05584449 are 'Procedures' from an unknown system. We request all similar 'Procedures' or related guidance documents from that system or, if that system is no longer in use, any system which currently performs the same function."

48. In this request, MuckRock explained that it was a representative of the news media and requested that all responsive records be released in electronic form.

49. On 10 August 2020, CIA acknowledged receipt of this request and assigned it Request No. F-2020-01998. It did not issue a determination regarding MuckRock's request to be classified as a representative of the news media.

50. As of this writing CIA has not issued a final determination for this request.

51. As twenty working days have elapsed without a substantive determination by CIA, MuckRock has exhausted all required administrative remedies.

52. MuckRock has a legal right under FOIA to obtain the information it seeks in the electronic form it requested and to be classified as a representative of the news media, and there is no legal basis for the denial by CIA of said rights.

**SIXTH CAUSE OF ACTION**

**(CONSTRUCTIVE RECORDS DENIAL – F-2020-01801)**

53.     MuckRock repeats and realleges the allegations contained in all paragraphs set forth above.

54.     Documents C05584446 and C05584449 each reference a "12/04/2009 Handbook."

55.     On 14 July 2020, MuckRock submitted to CIA a FOIA request for "[t]he '12/04/2009 Handbook' listed in the top right corner of the first page of CADRE documents C05584446 and C05584449, as well as any document which superseded it."

56.     In this request, MuckRock explained that it was a representative of the news media and requested that all responsive records be released in electronic form.

57.     On 17 July 2014, CIA acknowledged receipt of this request and assigned it Request No. F-2020-01801. It did not issue a determination regarding MuckRock's request to be classified as a representative of the news media.

58.     As of this writing CIA has not issued a final determination for this request.

59.     As twenty working days have elapsed without a substantive determination by CIA, MuckRock has exhausted all required administrative remedies.

60.     MuckRock has a legal right under FOIA to obtain the information it seeks in the electronic form it requested and to be classified as a representative of the news media, and there is no legal basis for the denial by CIA of said rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MuckRock prays that this Court:

(1) Order the Central Intelligence Agency to release all requested records to MuckRock;

(2) Order CIA to release records in the electronic form MuckRock requested;

(3) Order CIA to classify MuckRock as a representative of the news media;

(4) Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(5) Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(6) Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(7) Grant such other relief as the Court may deem just and proper.

Date: September 4, 2020

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*