## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MUCKROCK, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:20-cv-02474 (JMC) |
| | * | |
| CENTRAL INTELLIGENCE AGENCY, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL
## DEFENDANT TO SEEK AN *OPEN AMERICA* STAY

Plaintiff MuckRock, LLC ("MuckRock") filed a very narrow procedural motion
explaining why Defendant Central Intelligence Agency ("CIA") should be required to seek an
*Open America* stay to justify its continued trickle of responsive records for the next fourteen
months. In response, CIA attempts to avoid the evidentiary burden of an *Open America* motion
by presenting evidence ostensibly justifying its processing rate in *this* briefing, while
complaining that MuckRock simply waited too long to object, as though that is somehow
relevant to the legal standard.[1] However, despite CIA's attempts to muddy the waters, the
question before this Court at *this* juncture is simple: should an agency be required to meet the
*Open America* standard when claiming that it will take months or years to complete the

---

[1] It is particularly ironic that CIA complains that MuckRock allegedly failed to comply with
Judge Jackson's General Order in a filing which itself flagrantly violates Local Rule 5.4(a);
neither the Blaine Declaration nor the 2 April 2021 email filed as exhibits are text-searchable as
explicitly required by the Local Rules. Given that this Local Rule has been in existence since
2018—two years longer than this case—and that Judge Jackson's Order specifically ordered that
"all counsel must familiarize themselves with both the Federal Rules of Civil Procedure and the
Local Civil Rules of the United States District Court for the District of Columbia" (Gen. Order &
Guidelines Applicable to FOIA Cases Assigned to J. K. B. Jackson, Dkt. #9, at 1 (filed Sept. 28,
2020) [hereinafter Gen. Order]), it is telling that CIA now argues for the robotic application of
one order while completely ignoring another because it is inconvenient.

processing of Freedom of Information Act ("FOIA") requests, or is CIA correct that "*Open America* stays are [only] for cases where the request is still in the queue due to a backlog of other requests filed prior to plaintiff's request" (Def.'s Opp'n Pl.'s Mot. Compel. Def. Seek *Open America* Stay, Dkt. #20, at 5 (filed Dec. 20, 2021) [hereinafter CIA's Opp'n])?

To CIA's unsupported argument that "Plaintiff has not offered any basis for its delay in challenging the processing schedule [and] [i]ndeed, it has no excuse" (*id.* at 7 n.3), it should be self-evident that a processing schedule established at the height of a global pandemic in which agencies' FOIA programs were effectively hamstrung should not be considered binding for years to come, and that a plaintiff's agreement to such a schedule at such a time should not prohibit that plaintiff from changing its position a year later after the agency's situation has dramatically improved but its processing rate has remained unchanged. As for CIA's complaint that MuckRock allegedly violated Judge Jackson's General Order by not objecting in November 2020 in the parties' first Joint Status Report (*id.* at 6-7), it is noteworthy that CIA violated that same order at the same time without a second thought. (*Compare* Gen. Order at 4 ("the parties shall file the joint proposed schedule for disclosure on or before the deadline that the Court sets") *with* J. Stat. Rep., Dkt. #12, at 1 (filed Nov. 19, 2020) ("CIA expects to begin making its first interim production on January 29, 2021. At that time, CIA will propose a production schedule for subsequent rolling productions.").) Put another way, according to CIA, the fact that MuckRock did not object in November 2020 as required by the General Order to a production schedule that CIA did not file in November 2020 as required by the General Order means that the Court should penalize *only MuckRock* because of the General Order.[2]

---

[2] MuckRock will not waste any argument on CIA's completely unreasonable and unprofessional allegation that MuckRock is "trying to avoid the court's procedures by petitioning to a newly appointed judge" (CIA's Opp'n at 7) when, by CIA's own admission, MuckRock informed CIA

Stripped of its performative complaints about timeliness, CIA's primary argument is, simply put, that an agency does not have to seek an *Open America* stay if it has processed a single record because "*Open America* stays are [only] for cases where the request is still in the queue due to a backlog of other requests filed prior to plaintiff's request." (*Id.* at 5.) According to CIA, once an agency processes a single record, it is free to take as long as it likes to complete the processing of the request—no matter how long that may be—as long as it can convince a judge to issue a discretionary ruling regarding the processing rate. Moreover, even though a judge would be required by controlling precedent to carefully weigh several factors if an agency were seeking to delay the processing of the first record, a judge reviewing a request to delay the processing of the *rest* of the records faces no such restrictions on his or her discretion. This is, quite simply, not the law, and the Court should state as much in no uncertain terms. It may be that CIA might be able to satisfy the burden of an *Open America* motion were it to file one; the only question before the Court right now is *if CIA is required to file one*. When the agency has not made even a token effort to satisfy the *Open America* criteria, the Court should hold that the agency must offer more evidence than a self-serving declaration stating that "processing the records is complicated" in order to delay completion of *just two* of the counts at issue in this case for another fourteen months.

---

on 6 October that it would be filing this Motion if CIA did not modify its processing rate (*id.* at 4) and a newly appointed judge was not assigned to it until 15 November.

Date:   December 26, 2021

Respectfully submitted,

  /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*