UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MUCKROCK, LLC, )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>CENTRAL INTELLIGENCE AGENCY, )<br> )<br>    Defendant. ) | Civil Action No.<br>1:20-cv-02474 |

**JOINT STATUS REPORT**

Pursuant to the Minute Order entered by this Court on June 6, 2022, Plaintiff MuckRock, LLC ("MuckRock") and Defendant Central Intelligence Agency ("CIA") conferred and submit the following report on the next steps in this action:

1. This action involves six Freedom of Information Act ("FOIA") requests submitted by Plaintiff. As explained in the prior status reports, the CIA has completed the processing of three of the requests: Count 3 (F-2020-01800), Count 5 (F-2020-01998), and Count 6 (F-2020-01801).

2. CIA is still processing the records responsive to Counts 1 (F-2020-01802) and 2 (F-2020-01999). The request in Count 1 seeks "[a]ll Regulatory Issuances as that term is defined in AR 1-3." The request in Count 2 seeks "[a]ll information in regulations.cia."[1] On December 23, 2022, the CIA made its thirteenth interim response by sending (via Fed Ex) a letter that the CIA processed 28 documents, releasing 5 documents in full, and 23

---

[1] As explained in the first Joint Status Report (ECF No. 12 ¶ 2), Regulations.cia is an internal CIA internet domain. It contains the following: (1) all current regulatory issuances; (2) messages indicating that (a) some regulatory issuances have been rescinded and (b) some regulatory numbers are reserved for future use; and (c) other general administrative information regarding regulatory issuances.

documents in part. On January 31, 2023, the CIA made its fourteenth interim response by sending (via Fed Ex) a letter that the CIA processed 26 documents, releasing 20 documents in full, and 3 documents in part. The CIA withheld 3 documents in full. The CIA estimates that there are approximately 110 documents responsive to one or both of these requests that remain to be processed. The CIA anticipates making its next interim production on March 29, 2023, and its final response on May 29, 2023. The CIA had previously planned on processing 75 documents in January 2023, and making its final response by March 2023. However, the National Defense Authorization Act for Fiscal Year 2023, which was signed into law in December 2022, updates and broadens the language of Section 6 of the Central Intelligence Agency Act of 1949 by explicitly stating that Section 6 protects the functions of the CIA from disclosure. The CIA is determining how this new language applies to the remaining documents in this matter, and doing so requires more time than initially estimated for the processing of documents in this matter.

   a. <u>Plaintiff's Position</u>: MuckRock maintains that well-established case law precludes CIA from retroactively applying the modified statute to documents requested before its amendment and objects to any delays in processing due to CIA's deliberations regarding its application. MuckRock accordingly requests that the Court order CIA to immediately resume processing the remaining records pursuant to the previous provisions of the CIA Act.

   b. <u>Defendant's Position</u>: Counsel for the CIA notified Plaintiff's counsel of this modest delay on February 3, 2023, and he did not raise an objection until February 28, 2023 when CIA's counsel circulated a draft joint report

for his review.  CIA is moving quickly, and is only adjusting the prior schedule by two months, with an interim production in March.  The question of  "retroactive" application of the law is a legal issue that should be addressed in the context of a motion for summary judgment,  not in a status report.

3.  The other remaining FOIA request is Count 4 (F-2020-01800).  That request seeks "[a]ll 'procedures to ensure effective implementation of regulatory issuances' pursuant to AR 1-3, Section III(C)(7) which were developed after 1/1/2014."  As explained in the prior joint status reports, many regulatory issuances that CIA has already produced in *MuckRock v. Central Intelligence Agency*, No. 14-997 (D.D.C.), and is presently working to produce in response to Counts 1 and 2 above, are responsive to this request.  In particular, pursuant to AR 1-3, the Agency Guidance (AG) records already produced and those currently being reviewed for production are defined as "documents that provide instruction, guidance, implementation procedures or administrative or technical details associated with Agency Regulations AR."  Accordingly, in light of CIA's prior and ongoing production of responsive records, the parties have agreed to stay this request pending CIA's production of additional records in related counts.  ECF No. 13, ¶ 3.  Once Plaintiff has had a chance to review the material produced in response to Counts 1 and 2, the parties will confer on whether and to what extent Plaintiff may still seek additional records relating to this request.

4.  The parties propose filing another joint status report on June 5, 2023, to provide the Court with a further update. MuckRock requests that the Court order the relief it requested in paragraph 2 as soon as practicable to minimize CIA's unilateral delay in

processing the responsive records. As explained above, the CIA's position is that the legal issue regarding the application of the new law should be resolved in the context of a motion for summary judgment, not in a joint status report.

Respectfully submitted,

BRIAN BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

s/Marcia K. Sowles
MARCIA K. SOWLES
DC Bar No. 369455
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street N.W.  Room 11028
Washington, D.C.  20530
Tel.: (202) 514- 4960
Fax: (202) 616- 8470
E-mail:  marcia.sowles@usdoj.gov

Attorneys for Defendant


s/Kelly B. McClanahan
KELLY B. MCCLANAHAN
D.C. Bar No. 984704
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
Tel.: (301) 728-5908
Fax: 240-682-2189
E-mail: kel@nationalsecuritylaw.org

Attorney for Plaintiff