UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MUCKROCK, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CENTRAL INTELLIGENCE AGENCY, ) <br> ) <br> Defendant. ) | Civil Action No. <br> 1:20-cv-02474 |

## JOINT STATUS REPORT

Pursuant to the Minute Order entered by this Court on June 6, 2022, Plaintiff MuckRock, LLC ("MuckRock") and Defendant Central Intelligence Agency ("CIA") conferred and submit the following report on the next steps in this action:

1. This action involves six Freedom of Information Act ("FOIA") requests submitted by Plaintiff. As explained in the prior status reports, the CIA has completed the processing of three of the requests: Count 3 (F-2020-01800), Count 5 (F-2020-01998), and Count 6 (F-2020-01801).

2. Since the last report, CIA has completed processing the records responsive to Counts 1 (F-2020-01802) and 2 (F-2020-01999). The request in Count 1 seeks "[a]ll Regulatory Issuances as that term is defined in AR 1-3." The request in Count 2 seeks "[a]ll information in regulations.cia."[1] On March 29, 2023, the CIA made its fifteenth interim response by sending (via Fed Ex) a letter that the CIA processed 32 documents,

---

[1] As explained in the first Joint Status Report (ECF No. 12 ¶ 2), Regulations.cia is an internal CIA internet domain. It contains the following: (1) all current regulatory issuances; (2) messages indicating that (a) some regulatory issuances have been rescinded and (b) some regulatory numbers are reserved for future use; and (c) other general administrative information regarding regulatory issuances.

releasing 9 documents in part. The CIA withheld 32 documents in full. On May 25, 2023, the CIA made its sixteenth and final response by sending (via Fed Ex) a letter that the CIA processed 72 documents, releasing one document in full and three documents in part. The CIA withheld 68 documents in full.

3. The only remaining FOIA request is Count 4 (F-2020-01800). That request seeks "[a]ll 'procedures to ensure effective implementation of regulatory issuances' pursuant to AR 1-3, Section III(C)(7) which were developed after 1/1/2014." As explained in the prior joint status reports, many regulatory issuances that CIA has already produced in *MuckRock v. Central Intelligence Agency*, No. 14-997 (D.D.C.), and has produced in response to Counts 1 and 2 above, are responsive to this request. In particular, pursuant to AR 1-3, the Agency Guidance (AG) records already produced and those currently being reviewed for production are defined as "documents that provide instruction, guidance, implementation procedures or administrative or technical details associated with Agency Regulations AR." Accordingly, in light of CIA's production of responsive records, the parties agreed to stay this request pending CIA's production of additional records in related counts. ECF No. 13, ¶ 3. Now that CIA has completed its production in response to Counts 1 and 2, Plaintiff will review the material produced, and then the parties will confer on whether and to what extent Plaintiff may still seek additional records relating to this request.

4. Pursuant to the Minute Order entered by this Court on March 13, 2023, the parties have conferred regarding the application of the National Defense Authorization Act for Fiscal Year 2023 ("NDAA"), which amends the language of Section 6 of the Central Intelligence Agency Act of 1949, 50 U.S.C. § 3507. The parties disagree as to whether

as a matter of law, the amended language applies to the records at issue in this case. Although the parties are in agreement that any dispute regarding the application of the NDAA can be briefed for the Court in the context of summary judgment, they have different positions beyond that initial point of agreement.

    a. *CIA's position:* CIA maintains that it is premature at this time to propose a summary judgment briefing schedule because the parties need time to confer on what other issues remaining outstanding with regard to each count for which CIA has completed processing, as well as whether and to what extent Plaintiff may still seek additional records related to Count 4 (which was stayed pending CIA's processing of records for Counts 1 and 2). Plaintiff has not provided a valid reason why the CIA should brief the legal issue regarding the amended language in a separate motion. If the court is inclined to have interim briefing on this issue, Plaintiff should file a motion, and the CIA will respond accordingly. Counsel for CIA advises the Court that she is on pre-planned leave on July 25 through August 3, 2023 and has a conflict on July 17, 2023.

    b. *MuckRock's position:* MuckRock maintains that waiting until the end of the case to brief this issue will result in disorganized and confusing arguments which would dominate much of the briefing with questions regarding which information is evaluated under which version of the statute, if the new statutory language applies to all or only part of the records processed during this case, and similar threshold issues. For instance, if CIA argues that the new language should apply even to

information withheld before the statute went into effect, it would be likely that the Court would not even be informed which documents were processed at which time, since CIA would consider that irrelevant information. MuckRock accordingly maintains that if CIA intends to maintain that the NDAA applies to this case, it should be required to file a motion for partial summary judgment on this distinct legal question within the next two months, so that the Court can resolve it and all related questions regarding the NDAA in a straightforward fashion without creating a situation in which it is confronted with numerous nested conditional arguments which dominate an otherwise straightforward briefing process and invite a significant amount of confusion about the scope of any particular argument. Counsel for MuckRock advises the Court that he is on pre-planned leave on June 19 through July 5, 2023.

5. The parties propose filing another joint status report on September 8, 2023, to provide the Court with a further update.

Respectfully submitted,

BRIAN BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

s/Marcia K. Sowles
MARCIA K. SOWLES
DC Bar No. 369455
Senior Trial Counsel
United States Department of Justice

Civil Division, Federal Programs Branch
1100 L. Street N.W.  Room 11028
Washington, D.C.  20530
Tel.: (202) 514- 4960
Fax: (202) 616- 8470
E-mail:  marcia.sowles@usdoj.gov

Attorneys for Defendant


s/Kelly B. McClanahan
KELLY B. MCCLANAHAN
D.C. Bar No. 984704
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
Tel.: (301) 728-5908
Fax: 240-682-2189
E-mail: kel@nationalsecuritylaw.org

Attorney for Plaintiff